UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.      **MEMORANDUM OPINION AND ORDER**
Crim. No. 16-169 (04) (MJD)

Darrell Lenardo Smith,

    Defendant.

_____

    Jeffrey S. Paulson, Assistant United States Attorney, Counsel for Plaintiff.

    Karen Mohrlant, F. Clayton Tyler, P.A., Counsel for Defendant.

_____

This matter is before the Court on Defendant's Motion for Release from Custody pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. No. 343]

**I.**      **Background**

On February 1, 2017, Defendant entered into a Plea Agreement and pleaded guilty to a lesser included offense of Count 1 of the Indictment which charged conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1). Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed the appropriate sentence was eighty-four (84) months.

1

On May 2, 2017, the Court sentenced Defendant to 84 months of imprisonment and 5 years of supervised release. To date, Defendant has served over one-half of his sentence. He is scheduled to be released from custody of the Bureau of Prisons ("BOP") on June 3, 2021.

Defendant now moves the Court for an Order reducing his sentence to time served.

## II.   Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

### III.  Discussion

As is clear from the above statutory text, Defendant must first exhaust his administrative remedies before the Court can grant him any relief.  In his motion for compassionate release, Defendant asserts he filed a request for reduction in sentence on June 17, 2020 and that the BOP did not respond to his request within 30 days.  The government asserts that as Defendant did not provide a copy of the request, it will not concede that Defendant has exhausted his administrative

remedies.  At this time, the Court finds the record sufficiently demonstrates that Defendant has exhausted his administrative remedies.

As to the merits of Defendant's motion, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical condition or age.  See U.S.S.G. § 1B1.13, cmt. 1(A).  Defendant is 48 years old.  He asserts he is suffering from the following medical conditions that put him at risk for serious illness should he contract COVID-19: Obesity and Type II Diabetes.  After reviewing his medical records, however, the Court finds that Defendant has not demonstrated that he suffers from a medical condition for which the BOP is unable to provide him appropriate medical treatment or one which substantially diminishes his ability to provide self-care within the environment of a correctional facility and one from which is he not expected to recover.

In addition, the Court finds that a sentence reduction would be contrary to the factors set forth in 18 U.S.C. § 3553(a).  Defendant was convicted of conspiracy to distribute heroin.  Given his role in the offense conduct – distributing heroin over the course of three years – and the fact that he had three prior felony drug convictions, the Court finds he poses a danger to the community.  See United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991).  In

addition, a sentence reduction would not reflect the seriousness of the offense, promote respect for the law or provide a just punishment.  Further, a sentence reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offense committed.

    IT IS HEREBY ORDERED that Defendant's Motion for Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 343] is **DENIED**.

Date:   September 10, 2020

                                       s/ Michael J. Davis  
                                       Michael J. Davis  
                                       United States District Court